STATE, EX REL. W. H. HAYES, v. BOARD OF COMMIS-
SIONERS OF RICHARDSON COUNTY.

**County Warrants:** ACT OF 1879. H. applied for a mandamus
to compel the board of county commissioners of Richardson
county to draw a warrant in his favor for an account hereto-
fore allowed for the sum of $132.05, alleging that there were
no funds in the county treasury, and that more than fifty per
cent of the levy of the current year had been exhausted, but
claiming that the act of 1879 did not apply to accounts allowed
before that date. *Held,* the authority to draw warrants on a
fund which had been levied but not collected was derived en-
tirely from the statute, and that the limitations in the act of
1879 applied to all claims.

ORIGINAL application for mandamus.

*Scott & Gillespie,* for relator.

*Frank Martin,* for respondent.

MAXWELL, CH. J.

This is an application for a mandamus to compel
the board of county commissioners of Richardson
county to draw a warrant in favor of the relator for
the sum of $132.05, being the sum due on an account
heretofore allowed by them in his favor. The relator
states in his application that there are no funds in the
treasury, and that fifty per cent of the levy for the
current year has been exhausted, but alleges that
the act, limiting the authority of county commission-
ers to draw warrants to fifty per cent of the levy, does
not apply to accounts heretofore allowed; that the law
does not operate upon claims allowed prior to the levy
for 1880. This question was before this court in the

NOTE.—See *State, ex rel. Cody, v. Colfax County, ante* page 29.—
REP.

case of *The State, ex rel. Cody* and *West, v. The Board of County Commissioners of Colfax County, ante* page 29, in which it was held that county commissioners have no authority to draw warrants after fifty per cent of the amount levied for the current year is exhausted, unless there is money in the treasury to the credit of the particular fund for the payment of the same. The reason is, the authority of the board of county commission-- ers to draw warrants upon a fund which has been levied but has not yet been collected, is derived entirely from the statute. The act " concerning counties and county officers," approved March 1, 1879, Laws p. 353, in express terms repeals the act " concerning counties and county officers," approved Feb. 27, 1873. The act of March 1, 1879, took effect September 1, 1879, and applies to all accounts, whether audited before or since that time. · As the only authority to issue county warrants since September 1, 1879, is derived from the act above referred to, and there being no funds in the treasury to the credit of the general fund, and fifty per cent of the levy having been exhausted, the writ . must be denied.

WRIT DENIED.